

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00354-CR

HECTOR LEE GLORIA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B19686-1406, Honorable Edward Lee Self, Presiding

May 7, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant Hector Lee Gloria was indicted for the state jail felony offense of possession of five pounds or less but more than four ounces of marijuana.[1]  He entered an open plea of guilty which the trial court accepted.  A jury assessed punishment at two years' confinement in a state jail facility and a fine of $7,500.  The court pronounced sentence accordingly.  Appellant timely appealed.  His court-appointed appellate

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.121(b) (West 2010).

attorney has filed a motion to withdraw from the representation supported by an *Anders* brief.[2]  Agreeing with appointed counsel's conclusion that the record fails to show any arguably meritorious issue capable of supporting the appeal, we will affirm the trial court's judgment.

In his *Anders* brief, counsel demonstrates a thorough review of the record.  He certifies the case presents no reversible error and no grounds exist for predicating an appeal.  The brief discusses the procedural history of the case, appellant's plea of guilty, and the hearing before the jury concerning appellant's punishment.  In a letter to appellant, counsel states he provided appellant with a copy of his motion to withdraw *and Anders* brief as well as a copy of the record and notified him of his right to file a *pro se* response.  *See Kelly v. State,* 436 S.W.3d 313, 320 n.22 (Tex. Crim. App. 2014); *Johnson v. State,* 885 S.W.2d 641, 645 (Tex. App.—Waco 1994, pet. refused).  By letter, we also notified appellant of his opportunity to submit a response to the *Anders* brief.  Appellant did not file a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record.  *Nichols v. State,* 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.).  Should we determine the appeal has merit, the case will be remanded to the trial court for appointment of new counsel.  *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

---

[2] *See Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403 (Tex. Crim. App. 2008) (orig. proceeding).

We have independently examined the entire record to determine the existence of any arguable grounds capable of supporting an appeal. *Penson v. Ohio,* 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Bledsoe v. State,* 178 S.W.3d 824 (Tex. Crim. App. 2005). Agreeing with appellate counsel, we find the record presents no arguably meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw[3] and affirm the judgment of the trial court. TEX. R. APP. P. 43.2(b).

James T. Campbell
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. *See* TEX. R. APP. P. 48.4.